Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

Alex D. Kruzyk* (to seek admission *pro hac vice*)
Bryan A. Giribaldo* (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Yaker,<br>Plaintiff,<br>v.<br>Mutual of Omaha Mortgage, Inc.,<br>Defendant. | Case No.: '26CV5604 RBM AHG ~~[Case No.]~~<br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## Nature of this Action

1. Deborah Yaker ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action against Mutual of Omaha Mortgage, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and belief, Defendant routinely violates 47 U.S.C. §

227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing telephone call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

3. Plaintiff is a natural person who at all relevant times resided in Chicago, Illinois.

4. Defendant is a Delaware corporation that provides mortgage lending services to consumers.

5. Defendant's headquarters and principal place of business is located in San Diego, California.

6. Defendant is a licensed mortgage lender bearing NMLS ID # 1025894, possessing dozens of state mortgage licensures, and seeks to offer consumers "personalized service, diverse loan options, and unwavering commitment to helping you achieve your homeownership dreams with confidence and ease."[1]

7. Upon information and belief, Defendant provides these services for a profit.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. §§ 1391 (b)(1) and (b)(2) as Defendant is headquartered in this District, and because Defendant engaged in the complained-of conduct from this District.

10. In particular, Defendant engaged in telemarketing operations and directed its solicitation calls to Plaintiff's telephone from this District.

///

---

[1] https://www.mutualmortgage.com/why-mutual-of-omaha-mortgage/ (last visited September 2, 2026).

## Factual Allegations

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(773) 681-XXXX.

12. Plaintiff uses her cellular telephone as her personal residential telephone number.

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered her cellular telephone number with the DNC Registry on May 5, 2010, and has maintained that registration through the present date.

15. Starting in Spring 2026 and continuing through the present, Plaintiff received multiple text messages from telephone number (978) 951-7503, purporting to offer mortgage loans, or mortgage refinancing, to Plaintiff:




16. Plaintiff did not request any services discussed in the subject telephone calls.

17. Plaintiff is not, and was not, interested in Defendant's services or marketing.

18. Plaintiff does not now, nor did she previously, have any business relationship with Defendant.

19. Plaintiff is not (nor has she previously in any relevant timeframe) seeking or requesting mortgage refinancing quotes from any company.

20. Upon information and belief, Plaintiff believes that Defendant placed additional telephone calls to Plaintiff not specified above.

21. The link in Defendant's text messages directs to sms.mutualmortgage.com, a landing page that prompts users to enter in their address, property value, mortgage balance, financial status, and personally identifying information in order to submit "express consent to having Mutual of Omaha Mortgage, Inc., contact you about your inquiry via text

message, email address, or phone" in order to receive a "custom quote" for a mortgage.

22. That website also represents that it is operated by "Mutual of Omaha Mortgage, Inc., NMLS ID 1025894. 3131 Camino Del Rio N 1100, San Diego, CA 92108."

23. Upon information and belief, Defendant uses these communications to bring consumers to Defendant's website and gather their information, so that Defendant can tailor its offer of mortgage services to that consumer.

24. Upon information and believe, Defendant derives compensation for providing mortgage services.

25. Given that the text messages identify that they were sent by Defendant, direct the recipient to a website operated by Defendant, and appear to be for the benefit of Defendant, Defendant sent the text messages at issue for the purpose of telemarketing.

26. Plaintiff did not give Defendant prior express consent or prior express written consent to place voice calls or send text messages to her cellular telephone number.

27. Upon information and belief, Defendant placed the communications to Plaintiff's cellular telephone number for non-emergency purposes.

28. Upon information and belief, Defendant placed the communications to Plaintiff's cellular telephone number voluntarily.

29. Upon information and belief, Defendant placed the communications to Plaintiff's cellular telephone number under its own free will.

30. The purpose of the solicitation communications at issue was to advertise and to market Defendant's business or services.

31. Plaintiff did not give Defendant prior express invitation or permission to send advertising or telemarketing communications to her cellular telephone number.

32. Plaintiff suffered actual harm as a result of the communications at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

33. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

///

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom Mutual of Omaha Mortgage, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Mutual of Omaha Mortgage, Inc.'s, or its business partners', goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Mutual of Omaha Mortgage, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, and (3) where the person was not a current customer of Mutual of Omaha Mortgage, Inc. (4) within four years preceding the date of this complaint through the date of class certification.

35. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

37. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The members of the Class are ascertainable because the Class are defined by reference to objective criteria.

39. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

40. Plaintiff's claims are typical of the claims of the members of the Class.

41. As it did for all members of the Class, Defendant placed solicitation telephone calls to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

42. Plaintiff's claims, and the claims of the members of the Class, originate from

the same conduct, practice, and procedure on the part of Defendant.

43. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

44. Plaintiff suffered the same injuries as the members of the Class.

45. Plaintiff will fairly and adequately protect the interests of the members of the Class.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

47. Plaintiff will vigorously pursue the claims of the members of the Class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

51. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

52. Issues of law and fact common to all members of the Class include:

a. Defendant's practice of placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

b. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing solicitation telephone calls;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

55. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

58. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

59. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

60. There will be no extraordinary difficulty in the management of this action as a class action.

61. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Class**

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

65. "[A] 'text message' constitutes a 'call' within the meaning of the TCPA." *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1123 (9th Cir. 2026).

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

67. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call in a 12-month period in violation of 47 C.F.R. § 64.1200.

69. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as class representatives of the proposed Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including continuing to place solicitation telephone calls to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: September 17, 2026

By: */s/ Todd M. Friedman*

Todd M. Friedman (SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com

Alex D. Kruzyk*
Bryan A. Giribaldo*
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
akruzyk@pkglegal.com

bgiribaldo@pkglegal.com
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*